September 11, 2014



# JUDGMENT

# The Fourteenth Court of Appeals

### JERRY L. STARKEY, TBDL, L.P., AND PBW DEVELOPMENT CORPORATION, Appellants/Cross-Appellees

NO. 14-12-00633-CV
NO. 14-12-00709-CV V.

### GLEN GRAVES, Appellee/Cross-Appellant

_____

This cause, an appeal from the judgment signed July 13, 2012 in favor of appellee/cross-appellant Glen Graves, was heard on the transcript of the record. We have inspected the record and find the trial court erred.

A. We **AFFIRM** the portion of the judgment in which the trial court stated the terms of the written 2006 contract as found by the jury;

B. Regarding damages for past loss of compensation, we **MODIFY** the judgment to

1. hold the General Partner and TBDL jointly and severally liable to Graves for past loss of compensation in the amount of $173,000.00 as a result of their breach of the written 2006 partnership agreement;

2. hold Starkey and the General Partner liable to Graves for past loss of compensation in the amount of $173,000.00 as a result of their breach of the duties of loyalty and care, with Starkey being solely liable for 60% of this amount

($103,800.00), and jointly and severally liable with the General Partner for the remaining 40% ($69,200.00);

3.      order that the recovery of damages for past loss of compensation is subject to the one-satisfaction rule, so that Graves may recover no more than $173,000.00 for those damages from any combination of Starkey, the General Partner, and TBDL;

C.      Regarding damages for out-of-pocket losses sustained in the past, we **MODIFY** the judgment to hold Starkey and the General Partner liable to Graves for past out-of-pocket losses of $437,000.00 as a result of their breach of the duties of loyalty and care, with Starkey being solely liable for 60% of this amount ($262,200.00), and jointly and severally liable with the General Partner for the remaining 40% ($174,800.00);

D.      We **REVERSE** the portions of the judgment holding Starkey liable for statutory fraud and requiring him to pay Graves's deposition costs of $7,756.41 and expert fees of $12,073.75;

E.      We **REVERSE** the awards of attorney's fees; and

F.      We **REMAND** the case for

1.      relitigation of the amount of reasonable and necessary attorney's fees to be recovered from the General Partner and TBDL in light of the reduced amount of damages on causes of action for which such fees are recoverable;

2.      recalculation of the interest recoverable from each of the Starkey parties in light of this court's modification of the judgment and the relitigation of attorney's fees; and

3.      Graves's election between

(a)      rendition of judgment in accordance with those adjustments and incorporating the modifications described in this opinion, but leaving intact the portions of the trial court's judgment that were not successfully challenged in this appeal;[1] or

---

[1] If Graves elects to recover on the jury's favorable findings as set forth in this opinion, then none of his theories of liability will be relitigated, and the General Partner's $5,000.00 judgment against Graves and the take-nothing judgment on his claims against Elizabeth Starkey will be unaffected.

alternatively,

(b)     a new trial on his claims against the Starkey parties and their claims against him, leaving intact only the take-nothing judgment on Graves's claims against Elizabeth Starkey.

We order appellants/cross-appellees, Jerry L. Starkey, TBDL, L.P., and PBW Development Corporation, jointly and severally to pay all costs incurred in this appeal.

We further order this decision certified below for observance.